Nicholas Nyaga **KARANJA**, Petitioner,

v.

Eric H. **HOLDER, Jr.**, Attorney
General, Respondent.

No. 12–70232.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 29, 2013.

Filed Sept. 27, 2013.

Matthew Lorn Hoppock, Esquire,
McCrummen Immigration Law Firm,
LLC, North Kansas City, MO, for Petitioner.

Jacob Bashyrov, Esquire, Imran Raza
Zaidi, DOJ–U.S. Department of Justice
Washington, DC, for Respondent.

Before: O'SCANNLAIN, BEA, and
CHRISTEN, Circuit Judges.

MEMORANDUM *

Nicholas Karanja, a native and citizen of
Kenya, petitions for review of the Board of
Immigration Appeals' (BIA) decision affirming the immigration judge's (IJ) denial
of his applications for asylum, withholding
of removal, and CAT relief. We have jurisdiction under 8 U.S.C. § 1252, and we
deny the petition. Karanja's motion to
remand filed September 10, 2013 is denied.

Karanja contends: (1) the removal proceedings were procedurally unfair; and (2)
substantial evidence does not support the

* This disposition is not appropriate for publication and is not precedent except as provided

BIA's adverse credibility determination.
Specifically, Karanja argues the IJ failed
to advise him of the availability of pro bono
assistance as required by 8 C.F.R.
§ 1240.10(a) in violation his due process
rights. But the IJ recommended Karanja
seek free legal services from two particular pro bono organizations, including one
that visited the barracks where Karanja
was detained, and granted Karanja multiple continuances to obtain counsel. The IJ
also "specifically [inquired] as to whether
[Karanja] wishe[d] to continue without a
lawyer" and "receive[d] a knowing and voluntary affirmative response." *Hernandez–Gil v. Gonzales*, 476 F.3d 803, 806 (9th
Cir.2007). Karanja does not argue that his
waiver of the right to counsel was invalid.

The record shows the IJ did not rely on
counsel Carrye Washington's concession
that Karanja failed to apply for asylum
within the one-year deadline. Karanja
also contends the BIA erred by relying on
statements made by counsel Brigit Alvarez
after she expressed an intent to withdraw.
But Alvarez was the counsel of record at
the time her statements were made, and
she had authority to make the challenged
statements. Further, Karanja did not
show that he was prejudiced by Alvarez's
representation.

Karanja's application for asylum was
properly denied because it was untimely
and Karanja did not show extraordinary
circumstances related to the delay in filing.
*See Singh v. Holder*, 656 F.3d 1047, 1052
(9th Cir.2011).

The BIA's adverse credibility determination was based on inconsistencies in
Karanja's testimony. Karanja testified
that he was persecuted in Kenya because
he is a homosexual. But it is undisputed
that Karanja had two significant hetero-

by 9th Cir. R. 36–3.

sexual relationships in the United States; he was married to one woman and fathered a child with another woman. The BIA's determination that Karanja's testimony was not sufficiently corroborated does not compel reversal. *See Aden v. Holder,* 589 F.3d 1040, 1046 (9th Cir.2009). We cannot conclude that "any reasonable adjudicator would be compelled to conclude to the contrary." *Rizk v. Holder,* 629 F.3d 1083, 1087 (9th Cir.2011).

In the absence of credible testimony, Karanja failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Because Karanja's CAT claim was based on the same testimony, and because Karanja failed to offer any other evidence showing he will more likely than not be tortured if returned to Kenya, his CAT claim also fails. *See Shrestha v. Holder,* 590 F.3d 1034, 1048–49 (9th Cir.2010).

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.